```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

 RODRIGUE                                   CIVIL ACTION

 VERSUS                                     NO: 14-1797

 CONTINENTAL INSURANCE COMPANY              SECTION: "J" (3)
 ET AL.
```

### ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 10)** filed by Plaintiffs Bonnie Rodrigue, Corey Rodrigue, and Katie Rodrigue; Defendants Puget Sound Commerce Center, Inc., Eagle, Inc., and Hanover Insurance Company (collectively, "Removal Defendants")'s joint opposition (Rec. Doc. 22); and Plaintiffs' reply. (Rec. Doc. 22) Having considered the motions and memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiffs' motion should be **GRANTED** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL HISTORY

This action derives from Jerry Rodrigue's development of mesothelioma, which Jerry Rodrigue alleged was caused by exposures to asbestos brought home on the person, clothes, and

other objects of his father, Morris Rodrigue, who worked at Todd Shipyards from approximately 1943 until 1954. (Rec. Doc. 10-1, p. 1) On June 13, 2014, Jerry Rodrigue brought suit in the Civil District Court for the Parish of Orleans against Continental Insurance Company (successor to Fidelity & Casualty Company of New York) (hereinafter "Continental"), The Travelers Insurance Company ("Travelers"), Puget Sound Commerce Center (f/k/a Todd Shipyards Corporation, f/k/a Todd-Johnson Dry Docks Inc.) (hereinafter "Todd Shipyards"), and Eagle, Inc. (f/k/a Eagle Asbestos and Packaging Company, Inc.) ( hereinafter "Eagle"). (Rec. Doc. 1-1, p. 1) Jerry Rodrigue later filed a Supplemental and Amending Petition adding Hanover Insurance Company ("Hanover")[1] as a Defendant. (Rec. Doc 10-1, p. 1)

When on July 23, 2014, Jerry Rodrigue passed away as a result of his mesothelioma, his surviving spouse and children, Bonnie Rodrigue, Corey Rodrigue, and Katie Rodrigue, were named as Plaintiffs to recover survival and wrongful death damages stemming from Jerry Rodrigue's development of and, ultimately, death from mesothelioma. (Rec. Doc. 10-1, p. 1)

Thereafter, Defendants filed a Notice of Removal (Rec. Doc

---

[1] Plaintiffs filed suit against Hanover, Continental, and Travelers as the alleged insurers of Todd Shipyard's Executive Officers, A. Herbert Smith, Roy M. Barnett, John S. Smith, Jr., J. N. Pharr, and William McCaffrey, pursuant to Louisiana Revised Statute 22:1269, which gives a plaintiff the right to bring a direct action against an insurer.

1) on August 6, 2014, pursuant to 28 U.S.C. § 1332, 1441, and 1446 alleging that Plaintiffs fraudulently joined Eagle, Hanover, Travelers, and Continental to destroy diversity, undermining this Court's jurisdiction over the matter. (Rec. Doc. 10-1, p. 2) On August, 22, 2014, Plaintiffs filed the instant motion (Rec. Doc. 10), and on September 16, 2014, Defendants opposed the motion. (Rec. Doc. 22) Plaintiffs replied on September 23, 2014. (Rec. Doc. 27)

## PARTIES' ARGUMENTS

Plaintiffs urge the Court to remand this action to the state court from which it was removed. First, Plaintiffs assert that Defendants' Notice of Removal is procedurally defective, because it was filed more than thirty days after Defendants' receipt of the initial complaint. Plaintiffs maintain that to the extent that this action is or was ever removable based upon improper joinder, Plaintiffs' original petition, filed on June 13, 2014, made that basis for removal sufficiently clear. That is, the July 7, 2014, Jerry Rodrigue deposition, which Defendants argue was the first time they could ascertain the alleged fraudulent joinder, did not provide additional information regarding the alleged improper joinder that the original petition had not already made clear.  Thus, Defendants' Notice of Removal, filed on August 6, 2014, more than thirty days after the original

petition, was untimely. Second, Plaintiffs assert that Hanover, Travelers, and Continental, insurers of Todd Shipyard Executive Officers, were properly joined, as Louisiana law allows a plaintiff to directly sue an insurer. In regards to the Executive Officers, Plaintiffs assert that these officers had an extended duty to Jerry Rodrigue to maintain a safe workplace, so they are therefore liable for breach of that duty. Moreover, Plaintiff alleges that Eagle was properly joined as a defendant since they sold, manufactured, and distributed asbestos to Todd Shipyards. Further, they allege that the aforementioned Defendants are all Louisiana citizens, which destroys diversity in this case. Thus, this Court lacks subject matter jurisdiction to consider Plaintiffs' complaint.

Defendants counter argue that they properly removed the instant action to this Court. First, Defendants insist that the Notice of Removal was timely because they removed within thirty days from the deposition of Jerry Rodrigue. They argue that the deposition constitutes "other paper" from which they could first ascertain that the case was removable due to improper joinder. Next, Defendants contend that Eagle was improperly joined as a party because Plaintiffs are unable to meet their burden of proof in connection to Eagle. Thus, there is no possibility of recovery against Eagle in this suit. Finally, Defendants further argue

that the insurers of the alleged "Executive Officers" of Todd Shipyards were improperly joined. They assert that Plaintiffs have misapplied the standard for Executive Officer liability, and Louisiana courts have not extended the duty of Executive Officers to "household members of employees." Defendants therefore urge the Court to deny the Motion to Remand because the nondiverse Defendants were improperly joined and complete diversity exists.

## LEGAL STANDARD & DISCUSSION

### A. Fraudulent Joinder

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant. Id.  A mere theoretical possibility of recovery is not sufficient to preclude a finding of improper joinder. Id.  A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Id.

The party seeking removal bears a heavy burden of proving improper joinder. Id. at 574. In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor. Burden v. Gen. Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995). The Fifth Circuit has articulated two avenues for determining whether a plaintiff has a reasonable basis for recovery under state law. Smallwood, 385 F.3d at 573. First, "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Id. Typically, there is no improper joinder if a plaintiff is able to survive a 12(b)(6) challenge. Id. Secondly, a court may pierce the pleadings and conduct a summary inquiry of the evidence, but "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. "The district court must also take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." Id.

Defendants argue that Plaintiffs improperly joined Eagle and the insurers of Todd Shipyards. The Court will address the claims

against Eagle first. The Court must evaluate whether Plaintiffs have stated a claim upon which relief can be granted under Louisiana law against Eagle. A claim against a company that allegedly sold, manufactured, distributed asbestos, as well as contracted to perform activities at a plaintiff's workplace is valid under Louisiana law. See Richoux v. CSR Limited, et. al., 2008 WL 576242 (E.D. La. Feb. 29, 2008). "To prevail [on a claim against an asbestos manufacturer, a plaintiff] must show, by a preponderance of the evidence, that he was exposed to asbestos from the defendants' products, and that he received an injury that was substantially caused by that exposure." Abadie v. Metro. Life Ins. Co., 00-344, at *63 (La. App. 5 Cir. 3/28/01); 784 So. 2d 46, 89-90. Here, Plaintiffs allege that Morris Rodrigue was exposed to asbestos while working at Todd Shipyards, and that Jerry Rodrigue was exposed to asbestos through the person, clothes, and other things of his father, Morris, causing Jerry's mesothelioma. Plaintiffs allege that Morris and Jerry Rodrigue were exposed to Eagle asbestos specifically. Plaintiffs allege that Eagle contractors working at Todd Shipyards handled their asbestos products in such a manner that exposed Morris Rodrigue to asbestos-containing dust. These allegations seem sufficient to withstand the 12(b)(6)-type inquiry that is appropriate at this stage.

Even conducting a summary inquiry of the evidence, the Court does not find that there exist "discrete and undisputed facts" precluding Plaintiffs' recovery. Plaintiffs base their claims against Eagle on testimony from Jerry Rodrigue and employees of Eagle and Todd's Shipyards. Jerry Rodrigue testified that his father, Morris Rodrigue, worked at Todd Shipyards, including on boats at Todd's Shipyards, from approximately 1944 to 1954. He further testified that his father's clothing was dirty and dusty when he returned from work, and that he was exposed to it. (Mot. to Remand, Pl.'s Exh. 5, 6, 7, Rec. Docs. 10-8, 10-9, 10-10) An Eagle employee testified that Eagle was the only insulation contractor at Todd Shipyards during the war years and insulated many ships during that time. Even when Todd employees conducted the insulation work, they used Eagle materials. (Mot. to Remand, Pl.'s Exh. 8, Rec. Doc. 10-11) Eagle "maintained its presence at Todd Shipyards even after the war ended." Todd Shipyards' purchasing agent testified that they subcontracted their asbestos insulation work from 1945 to 1951. He further testified that he was "sure" that Todd Shipyards subcontracted insulation work to Eagle during that time. From 1951 to 1976, Eagle and another company provided "a good 90 percent" of the asbestos used at Todd Shipyards. (Mot. to Remand, Pl.'s Exh. 9, Rec. Doc. 10-12) The presence of Eagle subcontractors and products at Todd Shipyards

is confirmed by deposition testimony of other former Todd Shipyards employees. Finally, a Todd's Shipyards employee who worked there during the relevant time period testified that workers at Todd Shipyards were involved with the handling of asbestos products, and that they were not segregated from other workers who did not handle the asbestos. (Mot. to Remand, Pl.'s Exh. 12, Rec. Doc. 10-15)

Although Plaintiffs have not yet provided direct evidence to show that Morris Rodrigue worked with Eagle products or was exposed to dust from Eagle products as Eagle contractors worked with them nearby, when this Court construes Plaintiffs' factual allegations in Plaintiffs' favor, the facts alleged are sufficient to state a claim, and the evidence provided in support Plaintiffs' claims does not reveal a discrete fact establishing that Plaintiffs improperly joined Eagle. In fact, Plaintiffs' evidence is comparable to evidence that other courts have found sufficient to defeat a motion for summary judgment. See Francis v. Union Carbide Corp., 2012-1397 (La. App. 4 Cir. 5/8/13); 116 So. 3d 858, 862-63 (reversing the district court's granting of summary judgment where plaintiff in a take-home exposure case presented evidence suggesting that plaintiff's father was exposed to asbestos at work and plaintiff's father returned home with dusty clothes).

Of particular import in this case is the limited time that Plaintiffs have had to develop their claims and the evidence necessary to support them. Defendants removed this action less than two months after Plaintiffs filed suit in state court. This fact alone distinguishes much of the authority to which Defendants cite. For example, Defendants cite to Smith v. Union Carbide Corp., arguing that the plaintiff's lack of evidence in that case is analogous to the instant case. 2013 WL 6244199 *5 (E.D. La. Dec. 3, 2013). However, the parties in Smith were in the final stages of discovery. Id. Therefore, Smith is not applicable here. Similarly, in Davidson v. Ga. Pac. LLC, No. 12-1463, 2014 WL 1768015, at *4 (W.D. La. Apr. 24, 2013), the plaintiffs were given ample time to develop their claims and the evidence necessary to support them. The Court finds that Defendants have failed to establish the improper joinder of Eagle.

Because the Court finds that Eagle was not improperly joined, it is unnecessary to examine whether any other Defendants were improperly joined. Eagle's presence destroys diversity and undermines this Court's jurisdiction to adjudicate Plaintiffs' claims. Additionally, having found that Defendants' basis for removal is without merit, the Court will not address the question of whether such removal was timely.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand **(Rec. Doc. 10)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to File Sur-Reply **(Rec. Doc. 29)** is **DENIED as moot**.

New Orleans, Louisiana, this 6th day of October, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE